SAMUEL C. COBB *vs.* JAMES W. RICE & others.

Suffolk. May 1, 1880. — January 14, 1881.

If personal property, to the ownership of which there are conflicting claims, comes rightfully into the possession of a person who has no claim upon or interest in it, he may bring a bill of interpleader to determine the person entitled to it.

Objections to a bill of interpleader, that the bill was irregular in waiving the oath of the defendants, and in not annexing an affidavit that there was no collusion between the plaintiff and either of the parties; that the plaintiff did not offer to bring the property in controversy into court, and did not set out the respective claims of the defendants, and that, after the defendants had interpleaded, no replication was filed, are formal objections, which should be taken by demurrer, and are waived by going to a hearing upon the merits.

Under the St. of 1862, *c.* 40, § 1, interrogatories may be filed to a party to a bill of interpleader.

If a deposition is used at a hearing in equity without the objection being taken that the cause for taking it was not shown to exist, that objection is not open in the full court on appeal.

A fugitive from justice, whose domicil was in this Commonwealth at the time of flight, and who has acquired no domicil elsewhere, may be proceeded against here in bankruptcy after his flight.

Costs of counsel fees, to be taxed as between solicitor and client, will not be allowed to the losing party to a bill of interpleader, where the only cause of the suit is his unjust claim to property in the hands of the plaintiff.

BILL OF INTERPLEADER, filed May 27, 1876, against James W. Rice and Augustus E. Scott, the assignees in bankruptcy of Ezra D. Winslow, and against Sarah J. Winslow and Julia E. Ayres, alleging that the plaintiff, in his capacity of Mayor of the

city of Boston, on March 5, 1876, received from the Consul ol the United States at Rotterdam, Holland, certain personal property consisting of bonds of the United States, certificates of shares of the capital stock of several mining companies, and a bill of exchange, together with a letter from the Consul stating that the property had been delivered to him by the Chief Commissioner of Police of Rotterdam, according to an order of the Minister of Justice at the Hague, and was claimed by the wife of Ezra D. Winslow, and her sister, and also by the creditors of Winslow.

The bill further alleged that the assignees in bankruptcy of Winslow claimed the property as belonging to the estate of Winslow, and that the other defendants claimed it as belonging to one or both of them, and that it was improperly taken from them by the Consul; that the plaintiff had no interest in the property, but was a mere holder thereof; and that he was ready and willing to deliver the property to such of said persons as should be found legally entitled to the same.

The bill then proceeded as follows: "To the end therefore that the said James W. Rice and Augustus E. Scott, assignees, and the said Sarah J. Winslow and Julia E. Ayres, defendants named in this bill, may full, true and perfect answers make to all and singular the premises (the benefit of answers upon oath being hereby expressly waived); and may set forth their several and respective claims, or disclaim all interest in or right to said property or any part thereof; and that such of them, if any, as claim adverse interests therein may be decreed to interplead together; and that it may be ascertained in such manner as the court shall direct to which of them said property ought to be delivered; and that the plaintiff may have leave to deliver the same into court, which he offers to do, for the benefit of such of the parties as shall be found or decreed to be entitled thereto; and that the said defendants may in the mean time be restrained from commencing or prosecuting any suit at law against the plaintiff touching said property; and that he may have such other and further relief in the premises as the nature of the case may require;" and concluded with a prayer for a writ of subpœna commanding the defendants to appear and answer; and for a writ of injunction to restrain the defendants from suing the

plaintiff at law in respect to said property, until the further order of the court.

On October 4, 1876, the assignees in bankruptcy of Winslow appeared and filed an answer, claiming the property as part of the estate of Winslow, at the time of their appointment as assignees. The other defendants also filed answers, under oath, claiming the property as theirs. And on December 21, 1876 the court ordered that the defendants interplead.

The case was heard on the pleadings and proofs by *Colt,* J., who ordered a decree to be entered that the plaintiff deliver the property to the assignees in bankruptcy of Winslow, and that there be paid out of the proceeds of the bonds and bill of exchange (which had been collected) to the solicitors of the plaintiff and of the defendants Sarah J. Winslow and Julia E. Ayres, their costs, to be taxed as between solicitor and client.

From this decree, the defendants Winslow and Ayres appealed to the full court, where the case was heard on the pleadings and a full report of the evidence, the substance of which is stated in the opinion.

*B. F. Butler,* for the appellants.

*J. H. Benton, Jr.,* for the appellees.

MORTON, J. The defendants, Sarah J. Winslow and Julia E. Ayres, delivered the property involved in this suit to the Chief Commissioner of Police of Rotterdam, who, with their consent, placed it in the hands of the American Consul at Rotterdam. The fair conclusion from all the evidence is that this was done voluntarily; and that it was put in the hands of the Consul, not as the agent or trustee of the said defendants, but to be held for the real owner. The Consul transmitted the property, in February 1876, to the plaintiff, who was then the Mayor of Boston. After it came to his hands, it was claimed by the defendants, Mrs. Winslow and Miss Ayres, and also by the other defendants, who are the assignees in bankruptcy of Ezra D. Winslow. The plaintiff has no claim upon or interest in the property. It came into his possession rightfully. He is a mere stakeholder, exposed to conflicting claims by different persons claiming to be the owners of the property, and his proper remedy is by a bill of interpleader.

Several of the points taken by the defendants Winslow and Ayres in the argument in this court are not now open to them. By going to a hearing upon the merits, they waived formal and technical objections, which should have been taken by demurrer. Of this character are the objections that the bill is irregular in waiving the oath of the defendants, and in not annexing an affidavit that there is no collusion between the plaintiff and either of the parties. If the defendants wished to rely upon those objections, they should have demurred. Of the same character are the objections that the plaintiff does not offer to bring the property into court, and that he does not set out the claims of the respective defendants; and there is the additional answer that those objections are not founded on facts, as the bill does offer to bring the property into court, and sufficiently sets out that the several defendants make claim upon the property.

Of a similar character is the objection that the proceedings, after the defendants had interpleaded, were irregular because no replications were filed. If the objection had been seasonably taken, the formal difficulty would have been removed by filing replications; and, by going to a hearing upon the merits, the defendants waived this objection.

The defendants contend that the interrogatories to Julia E. Ayres were improperly admitted in evidence at the hearing, because the right to file interrogatories is confined to suits at law. But the statute expressly permits such interrogatories to be filed in a suit in equity. St. 1862, c. 40, § 1.

The objection now urged to the deposition of Mahlon H. Spaulding, namely, that the cause for taking it was not shown to exist at the time of the hearing, and that it was therefore inadmissible under the Gen. Sts. c. 131, § 28, does not appear to have been taken at the hearing, and therefore we cannot now consider it.

It is also contended that the decree in favor of the assignees of Ezra D. Winslow cannot be sustained, because, at the time of the adjudication and assignment in bankruptcy, the said Winslow was not a resident of this country, and therefore not within the jurisdiction of the bankruptcy court. A sufficient answer to this is, that there is nothing in the case to show that

Winslow had lost his domicil in Massachusetts. His domicil, being here, continues until he acquires one elsewhere. The evidence clearly shows that, at the time of the adjudication and assignment, he was merely a fugitive from justice, who had gained no domicil elsewhere, and therefore he remained a resident within the jurisdiction of the District Court in this district, and liable to be proceeded against in bankruptcy.

The remaining question is whether the finding of the justice before whom the hearing was had, that the property in dispute belonged to Ezra D. Winslow, should be sustained. Upon a careful consideration of all the evidence, we are of opinion that this finding should not be disturbed. It would not be profitable to discuss the evidence in detail. All the testimony from the witnesses who are disinterested and impartial goes strongly to show that the property belonged to Ezra D. Winslow. The testimony of Mrs. Winslow and Miss Ayres, treating their sworn answers as competent, is not sufficient to overcome the other evidence. The whole evidence by a fair preponderance sustains the finding.

The decree in its substantial parts should, therefore, be affirmed; but we are of opinion that the part of the decree allowing costs of counsel fees to be taxed as between solicitor and client, to be paid out of the fund, should be reversed. Such costs are allowed in cases where the suit is necessary in order to clear up an ambiguity in a will or other instrument creating a trust. *Bowditch* v. *Soltyk,* 99 Mass. 136. But they ought not to be allowed to the losing parties in a case like this, where the only cause of the suit is their unjust claim to property which is not theirs. *Decree accordingly.*