AYER & Co., *Apt's, v.* WEEKS.

For jurisdictional purposes, a legal domicile once existing continues until another is acquired elsewhere.

Domicile or residence to give jurisdiction to the probate court in insolvency proceedings is not lost by departure from the state until another is gained.

INSOLVENCY APPEAL. The controversy arises between creditors of the defendant, Weeks, having attachments of his property made October 5, 1888, and other creditors who filed a petition against him in insolvency, February 1, 1889; and the only question is, whether Weeks, at the time of the petition, was a resident of this state so as to give the probate court jurisdiction of the insolvency proceedings.

October 5, 1888, Weeks was residing and doing business in Great Falls, but on that day he left with his wife and all his household goods for the West, and has never returned to this state. His attorney, who is also attorney for the petitioning creditors, offered in evidence a document containing nine interrogatories addressed by him to Weeks in December, 1888, and the answers thereto, in which Weeks states his residence to be Somersworth, N. H.; that his absence is temporary; that he intends to return, etc. The paper was not sworn to. If this document is competent evidence upon the question of the defendant's residence, it is found that he was, at the time of the filing of the petition and ever since has been, a resident of Somersworth. If it is not evidence, it is found that he left Somersworth, October 5, 1888, with the intention never to return, but that he has not acquired a domicile or residence elsewhere.

*Russell & Boyer*, for the appellants.

*Mr. Matthews*, for the appellees.

CLARK, J.   The case raises a question of jurisdiction, which depends upon whether Weeks, the debtor, had a legal residence in Somersworth when the insolvency proceedings were instituted. This is mainly a question of fact.   *Foss* v. *Foss*, 58 N. H. 283.

In a proceeding against Weeks, the paper offered in evidence would be admissible as containing admissions made by him.   But although Weeks's name appears upon the record, he is in no sense a party to the controversy between the attaching creditors and the petitioning creditors in the insolvency proceedings, and his admissions or agreement to abide the orders and decrees of the insolvency court could not confer jurisdiction if it did not otherwise exist.   As to the plaintiffs, the paper is merely a statement of declarations made by Weeks since the controversy arose, relating in part to post transactions and in part to his present and future purposes.   Declarations, written or verbal, are sometimes received in connection with acts done as explanatory of such acts, and on questions of residence or domicile as evidence of intention, but in such cases the declarations, to be admissible, must have been made in the ordinary course of business at the time when the party had no interest to make evidence, and before any controversy.   *Doe* v. *Arkwright*, 5 Car. & P. 575; *Thorndike* v. *Boston*, 1 Met. 242, 247.   We think the document was not competent evidence on the question of Weeks's residence.

But, excluding the evidence, upon the facts found the legal residence of Weeks was in Somersworth.   Although the words "residence" and "domicile" are not always convertible terms and have not always precisely the same meaning, we are of the opinion that the residence upon which jurisdiction depends, under the insolvency statute, is a legal residence equivalent to domicile.   And whatsoever rule may be adopted in cases involving questions of pauper settlement, voting, and taxation, the principle is well settled that for purposes of jurisdiction and judicial administration a person must have a domicile somewhere, and that he can have but one, and therefore a domicile once existing continues until another is acquired elsewhere.   The case shows that Weeks's domicile was in Somersworth, and the fact is found that he had not acquired a domicile or residence elsewhere.   The fact that he left Somersworth with the intention never to return did not destroy his domicile there.   Until he had gained a domicile elsewhere, he remained a resident within the jurisdiction of the insolvency court and liable to be proceeded against in insolvency.   *Cobb* v. *Rice*, 130 Mass. 231, 234.

*Appeal dismissed.*

CARPENTER, J., did not sit: the others concurred.