VOLNEY S. FULHAM v. LESTER C. HOWE.

*When declarations of party are admissible on question of domi-
cile. What determines residence for taxation.*

1. The declarations of a party that he intends to retain his domicile in a
particular place are not admissible upon the question whether he has
so retained it, unless made in connection with some act which is itself
admissible, and which they tend to characterize.

2. In determining questions of domicile minute particulars of private life
may be inquired into, the extent resting largely in the discretion of the
trial court.

3. The definition of the trial court as to what determines residence for the
purposes of taxation approved, and the charge held correct as applic-
able to the facts in the case.

Replevin for 58 volumes of Vermont Reports. Plea, the
general issue; trial by jury at the December Term, 1888,
Powers, J., presiding. Verdict and judgment for the defend-
ant. The plaintiff excepts.

On trial the defendant justified the taking as tax collector for
the town of Ludlow under a tax warrant based upon the grand
list of 1886. The only question raised on the trial was whether
the plaintiff, on the first day of April, 1886, resided in the town
of Ludlow for the purposes of taxation.

The plaintiff was a native of Ludlow and was an unmarried
man with no family. In 1864 he went from there to New York
City, where he engaged in the practice of law. In 1876 he
closed his office in New York and returned to Ludlow to
assist his father, who resided there and had become very infirm,
in the management of his affairs. Shortly afterwards his father
died, and the defendant continued there in the settlement of his
estate until 1887, when he returned to New York. The plaint-
iff insisted that he had never been a resident of Ludlow for the
purposes of taxation, having been there temporarily for the
object above specified; and that he had always retained a resi-
dence in New York. The defendant claimed that in point of

fact the residence of the plaintiff in Ludlow had been so continuous and of such a character that he had acquired a domicile there.

The defendant was improved as a witness. Upon his cross-examination the plaintiff proposed to show by certain questions propounded to him "declarations made by the plaintiff as to where his residence was, as to why he was in this particular town of Ludlow during these years before he was listed, what his business was there, and his declarations as tending to show where in fact he designed to have his residence, and intended it to be." The first three exceptions of the plaintiff were to the exclusion of these questions.

The fourth and fifth exceptions were to the action of the court in permitting the defendant to show that the plaintiff had attended the Universalist church in Ludlow, taken an active interest in its affairs, and acted as chorister of its choir.

The sixth exception was to the same effect as the first three.

The seventh and eighth exceptions were to the exclusion of certain tax inventories returned by the plaintiff as administrator of his father's estate in the years 1882–6 inclusive, which were offered as declarations of the plaintiff to show his intention of retaining his residence in New York.

The ninth exception was to the exclusion of certain questions and answers in the deposition of one May K. Ketcham, in which the deponent gave the declarations of the plaintiff to the effect that he intended to retain a residence in New York. Mrs. Ketcham was the one with whom he had boarded during the latter portion of the time before he came to Ludlow, and he had made arrangements to leave certain of his effects at her house, and to have a room there when he was in New York.

The remaining exceptions were to the charge of the court. The fourth and fifth requests of the plaintiff to charge were as follows:

" 4. An intent to change one's residence may be shown by acts, such as voting, holding office and engaging in business, and by declarations; but when no such acts or declarations are shown,

and he testifies that he did not intend to change his residence and declared when he went to the place, and at all times since, that he intended to remain a resident of the place from whence he came; and no declaration to the contrary is shown, an intent to change cannot be inferred, unless his acts are entirely at variance with his expressed intent."

" 5.   A person's residence is always where he designs to have it, provided he in fact goes and makes his home there.   The evidence shows that the plaintiff, after 1880, spent part of each year in New York, and called it his home ; and all the testimony submitted by the defendant as to what the plaintiff did, and where he spent his time during other parts of those years, has no bearing upon the case, except as it tends to show what the intention of the plaintiff was as to changing his residence from New York to Ludlow, and continuing to reside there until April 1, 1886."

Upon the subject matter of these requests the court charged in the following language :

" In all cases it is safe to say that the question of residence is a complex one, made up not only of a mental purpose and intent on the part of the person himself to have his home in a particular place, but coupled with certain acts indicating that intent ; a man cannot have a residence simply by having an intent to have it in a particular place, if the acts which are disclosed manifest that that intent has not been carried out.

"It is true everybody is free to come and go as they please and to choose their home as they please ; it is true that the place of their residence is to be determined with a view to their own mental purpose respecting it, as well as the acts that are shown, but it is not enough to prove what their mental purpose is, to show what they say about it, necessarily.

" A man may say, 'I intend to live in Woodstock,' but if he goes down to White River Junction and stays there continuously and brings about him all the indicia of a home, and votes there or does any other acts signifying an intent to live there it is very evident his declared intent to live in Woodstock is over-rode by his proved intent by living at White River Junction.

" In this case the plaintiff insists that he, all the time along during 1884, and for years previous, had had a mental purpose to make New York his home, and that he frequently so declared his purpose.   That would be sufficient unless there are facts in the case that prove a contrary intent.

"In other words, what I mean to say is that proof of a party's declaration of intent to live in one place is not conclusive of what that intent is; the intent may be proved by unequivocal acts that are stronger, in the judgment of the jury, than the declaration by himself. But it is also true, as claimed by the plaintiff, that a man cannot have a home in any place against his own will. He cannot be forced to have a home in a town if his actual mental purpose is not to have a home there."

The plaintiff's tenth request was:

"10. If the jury find that in July, 1876, the plaintiff resided in the city of New York, and that since that time he has been in Vermont part of the time, for the purpose of fulfilling his promise to his father to settle his estate, but all the time has intended to keep his home and residence in New York City; has returned there from time to time as circumstances or convenience would permit or require, and has voted in New York City, he would not be liable to taxation in Vermont, and must recover in this suit."

In answer to this the court charged:

"That proposition is laid down too strongly; it lays it down as a proposition of law that he was a resident of New York. I have already said that if you find the plaintiff came to Vermont to answer a temporary purpose; that that was the object of his coming here, and that when he came he intended to go back, and kept that intent fresh and alive while here, that that defeats any claim that the town of Ludlow can make that he became a resident of Vermont; but the fact of his voting in New York, and of his return there from time to time is not enough for the court to lay down as a proposition of law that he did not acquire a home in Vermont.

"The evidence in respect to his intent to return is his declarations. There may be facts and circumstances in the case sufficient to justify you, under the rules given you, in finding that such declarations were made for a purpose, and do not disclose an honest intent; so that although he may have voted there, and may have occasionally returned there, still, if the evidence in the case satisfies you that his declared intent to go there on the completion of this business was not a real, actuating mental purpose, governing him, but that he had a purpose to remain here and make this his home, and sought to avoid taxation here by making these declarations, then, as I have said to you, his actual intent may be found from his acts notwithstanding what he may have said about it."

The eleventh request was:

" 11.   If the jury find that by the laws of New York a man was not allowed to vote in that State in the year 1886, unless he had been a resident there for one full year before voting; that the applicant for registration, without which he could not vote,. must testify under oath before the registering board that he had so resided in that State; that the plaintiff, in October, 1886,. made oath before the proper authorities that he had resided in said State and in the election district where he proposed to vote more than seventeen years next preceding, was thereupon admitted to registration, and voted at the election of November, 1886, in said district and city, it will create a strong presumption that the plaintiff intended to retain his residence in New York during all those years, and that his residence on April 1, 1886, was in New York City."

The court upon this said :

" All we can say about that is that it affords a presumption ; the language of the request is that it affords a strong one ; that depends upon all the circumstances of the case.   It is more or less strong according as you find how these facts transpired ; how he happened to go there to vote.   If he went there in October, 1886, and procured himself to be registered as a legal voter, under oath that he had lived in that city seventeen years, and actually voted in November ; that, under some circumstances,. would be a strong presumption in favor of the proposition that New York was his home.   On the other hand, if that was done after this assessment was made in Vermont and was done for the purpose of furnishing evidence against the validity of this. assessment, then it is very easy to see it affords no presumption whatever in his favor.   So that it depends upon how you find the fact to be as to the force you are to give this act of registration, and of voting in the city of New York.   If it was an honest act, done in the ordinary course of events, and done because Mr. Fulham understood that to be his home, and intended to make it his home, then it is of very great force as an act—one of the highest acts of citizenship ; an act tending strongly to show that his actual residence was in New York city.   On the other hand, as I have already said, if it was done under such circumstances as to indicate a purpose to avoid responsibility here in Vermont, and to make a colorable residence in New York city,. then, of course, it is good for nothing.   A man cannot avoid

Fulham v. Howe.

his duty to pay taxes by any artificial arrangement of facts gotten up for the purpose of avoiding his taxes.   The law in its spirit requires that all persons who receive the benefits of the law, should contribute ratably to the expense incurred by the discharge of those burdens made necessary by the establishment of government.   At the same time it does not require a man to be taxed in the wrong place of taxation.   So in this case, while you may feel impressed with the duty of all men to pay their taxes, you are to remember that no man is bound legally or morally to pay them anywhere except in.the proper place.   And if this man escaped taxation in New York, it is no reason why he should be held to pay taxes here, unless you find facts in the case to hold him here, under the instructions I have given you."

*W. E. Johnson,* for the plaintiff.

There was error in excluding the declarations of the plaintiff as to his intention of retaining a residence in New York.

When the plaintiff came to Ludlow he had a domicile in New York.   In order that he might lose that and acquire one in Ludlow two things must concur:  1st, a residence in Ludlow; 2d, an intention to make that place his home.   Sto. Conf. Laws, s. 44; 1 Bouvier's Law Dict. 498 (4); *Harvard College* v. *Gore,* 5 Pick. 374; *Lyman* v. *Fiske,* 17 Pick. 234; Whar. Ev. ss. 259, 261, 262; *Pool* v. *Bridges,* 4 Pick. 378; *Allen* v. *Duncan,* 11 Pick. 308; *Kilburne* v. *Bennett,* 3 Met. 200; *State* v. *Howard,* 32 Vt. 383, 404; *State* v. *Daley,* 53 Vt. 442; *Bennett* v. *Camp,* 54 Vt. 36.

After going to Ludlow in 1876, he resided sufficiently both there and in New York to have a domicile in either place. Hence the whole question was one of purpose, and in determining this his declarations, made at the time of his going there and in connection with his remaining there in settling his father's estate, are vital.   *Thorndike* v. *City of Boston,* 1 Met. 247; *Leach* v. *Pillsbury,* 15 N. H. 138; *Harvard College* v. *Gore,* 5 Pick. 379; Sto. Conf. Laws, s. 47; 1 Greenl. Ev. ss. 108, 110, 131 and cases cited; Sharwood's Starkie, pp. 51, 87, 88, 466 and cases there cited; *State* v. *Daley,* 53 Vt. 442; 4 Pick.

379; 17 Pick. 234; 1 Whart. ss. 259–62; 32 Vt. 383, 404; 11 Pick. 310.

The arrangement with Mrs. Ketcham by which the plaintiff provided himself with a place to live when in New York was a fact bearing upon his intention to retain his domicile there. *Kilburne* v. *Bennett*, 3 Met. 300; *State* v. *Daley*, 53 Vt. 444, opinion of Judge Taft.

The court should have complied with the plaintiff's fourth request. The defendant endeavored to impress it upon the jury that the domicile is where the most time is spent. This is not the test, and a compliance with the request would have made the matter plain. *Hulett* v. *Hulett*, 37 Vt. 586–7; *Brainerd* v. *Burton*, 5 Vt. 100; *Clark* v. *Tabor*, 28 Vt. 226; 1 Rapelja's Law Dict. 411; Sto. Conf. Laws, s. 47.

*W. W. Stickney* and *M. H. Goddard*, for the defendant.

The declarations excluded did not accompany or explain any act of the plaintiff's which was competent evidence, hence they were inadmissible. Stephen Ev. 51; *Elkins* v. *Hamilton*, 20 Vt. 627; *State* v. *Howard*, 32 Vt. 380; *Clark* v. *Boardman*, 42 Vt. 667; *State* v. *Carleton*, 48 Vt. 636; *Ellis* v. *Cleveland*, 55 Vt. 358; *Ross* v. *White*, 60 Vt. 558.

Upon the question of domicile the declarations of a party made at the time of going and returning are receivable, but not those made at other times. *Baker* v. *Kelley*, 93 Am. Dec. 278; *Derby* v. *Salem*, 30 Vt. 722; *Hulett* v. *Hulett*, 37 Vt. 581; *Fulham* v. *Howe*, 60 Vt. 351; *Salem* v. *Lynn*, 13 Met. 544; *Weld* v. *Boston*, 126 Mass. 161; *Wright* v. *Boston*, 126 Mass. 166; *Brookfield* v. *Warren*, 128 Mass. 287; *Lander* v. *People*, 104 Ill. 248.

The question upon the inventories has already been determined. *Fulham* v. *Howe*, 60 Vt. 351.

The plaintiff's connection with the church he attended was properly shown. In doubtful cases of domicile the minute particulars of life may be gone into. *White* v. *Brown*, 1 Wall. Jr. 217; *Hoskins* v. *Matthews*, 35 Eng. L. & E. Rep. 540;

*Lyman* v. *Fiske*, 17 Pick. 231 ; *Hallett* v. *Bassett*, 100 Mass. 170 ; *Thayer* v. *Boston*, 124 Mass. 132.

The charge adequately covered the entire case. Hence an exception will not lie to a failure to comply with a particular request. Thompson on Charging the Jury, ss. 85, 92 ; *State* v. *Eaton*, 53 Vt. 574 ; *N. Y. Life Ins. Co.* v. *Flack*, 56 Am. Dec. 746 ; *Stokes* v. *Saltonstall*, 13 Pet. 191.

Where requests give undue prominence to isolated portions of the case, it is no error to disregard them. Thompson on Charging the Jury, ss. 71, 72 ; *Thornton* v. *Thornton*, 39 Vt. 122 ; *Ashley* v. *Hendee*, 56 Vt. 209 ; *Westmore* v. *Sheffield*, id. 239 ; *State* v. *Hopkins*, id. 250 ; *Reed* v. *Reed*, id. 492.

A request must be wholly sound in order that an exception may lie to a refusal to comply with it. *Walker* v. *Keyes*, 6 Vt. 257 ; *Vaughan* v. *Porter*, 16 Vt. 266 ; *Underwood* v. *Hart*, 23 Vt. 120 ; *Bates* v. *Cilley*, 47 Vt. 1 ; *Rea* v. *Harrington*, 58 Vt. 181.

Whether a person, in removing from one place to another, intends to change his domicile is a question of fact for the jury. *Jamaica* v. *Townsend*, 19 Vt. 267 ; *Egelson* v. *Battles*, 26 Vt. 548 ; *Fitchburgh* v. *Winchendon*, 4 Cush. 190 ; *Holmes* v. *Green*, 7 Gray, 299 ; *Cochrane* v. *Boston*, 4 Allen, 178 ; *Thayer* v. *Boston*, 124 Mass. 132 ; *Mooar* v. *Harvey*, 128 Mass. 219.

The exercise of the right of suffrage is only one of the many *criteria* by which the fact of domicile may be established. *Mitchell* v. *United States*, 21 Wall. 350 ; *Hulett* v. *Hulett*, 37 Vt. 581 ; *East Livermore* v. *Farmington*, 72 Me. 154.

And the fact of actual residence is one of the most important. *Bruce* v. *Bruce*, 2 Bos. & Pul. 229 ; *Bempde* v. *Johnstone*, 3 Ves. Jr. 198 ; *Holmes* v. *Green*, 7 Gray, 299 ; *Sears* v. *Boston*, 1 Met. 250 ; *Mann* v. *Clark*, 33 Vt. 55.

The opinion of the court was delivered by

Royce, Ch. J. Exceptions numbered 1–3 and 6–9, inclusive, relate to the exclusion of certain evidence offered on the trial by the plaintiff ; numbers 4 and 5 to the admission of certain evi-

dence offered by the defendant; and exceptions 10–13 to por-
tions of the charge.

I.  With regard to the evidence offered and excluded.

The offers all were to prove statements made by plaintiff bear-
ing upon the subject of his residence.  By the defendant plaint-
iff offered to prove declarations made by himself in conversation
during the ten or twelve years subsequent to the time he came
to Ludlow from New York City, in 1876, to care for his
father and during the settlement of the father's estate.  He
offered to prove " declarations made by the plaintiff as to
where his residence was, as to why he was in this particu-
lar town of Ludlow during these years before he was listed,
what his business was there, and his declarations as tending to
show where in fact he designed to have his residence and intended
it to be."

By himself he offered to prove statements made by him to the
listers of the town of Ludlow in relation to his residence at the
time he was first called upon by them to return an inventory in
the spring of 1884; also the inventories of his father's estate
returned by him in the years 1882–6, as being declarations of
the plaintiff accompanying an act tending to show his intention
of retaining his residence in New York.

Also by the deposition of Mrs. Ketcham plaintiff offered to
prove the understanding between himself and her as to his hav-
ing a home at her house during the time he was in Ludlow, and
statements made by him at any time during their acquaintance-
ship as to his home and place of residence.  This evidence was
all excluded.

No question is made as to what elements are necessary to con-
stitute domicile.  The fact of residence and the intent to make
the place of residence the home of the party must concur.'  But
continuous inhabitancy is not necessary.  Mere absence, how-
ever long continued, so it be for a temporary purpose and with
the intention of returning always in mind will not effectuate a
change of domicile.  Sto. Conf. Laws, s. 44.

The question presented by the exceptions in this connection is, whether the declarations detailed therein and referred to above should have been admitted for the purpose of showing plaintiff's intention of retaining his residence in New York, and negativing any presumption that might arise from his conduct of an intention to change it from New York to Ludlow.

Declarations made by a party in his own favor are, as a general rule, in cases of domicile, the same as in all others, inadmissible. The exception to this rule is, that declarations made contemporaneously with and accompanying some act, which is itself admissible, and expressive of its character and motive, shall be received. Greenl. Ev. s. 108; Stark. Ev. (Sharswood Ed.) 51. In such cases they are commonly said to constitute a part of the *res gestæ.* * * * Were the statements offered in proof by plaintiff made under such circumstances as to bring them within the exception defined above? * * * We think not.

The questions put to the defendant related generally to conversations between him and plaintiff at any time within the ten or twelve years during which plaintiff spent part of his time in Ludlow, and it was not attempted to connect them with any particular specific act. So of the portions of Mrs. Ketcham's deposition covered by the exceptions. The offer was to show an arrangement made with plaintiff to have his home with her in New York after his leaving there and declarations of his intention at various times, unconnected with any specific act material to the case. His mere continuous presence for a portion of each year in the town of Ludlow cannot be regarded as an act such as would render declarations explanatory of its character admissible.

In *Wright* v. *Boston*, 126 Mass. 161, plaintiff claimed a domicile in Nahant and offered in evidence a letter from himself to the assessors of Boston, in reply to a printed circular sent him by them, in which he stated that he had been for several years a resident of Nahant; also several deeds in which he was grantor, describing himself as of Nahant; also a will executed by himself in which he is described as of Nahant. All these

declarations were held to have been properly excluded. It appeared in evidence that plaintiff spent part of his time each year in Nahant, but it does not seem to have been suggested that that was such an act accompanying the declarations as would render them admissible. The court say of the declarations, that they did not accompany any act which was admissible in evidence. See also to the same effect, *Weld* v. *Boston, id.* 166.

But there is another objection to the admission of this evidence. It does not appear that the declarations were made before the controversy arose and when the party had no interest in making them. *Ayer* v. *Weeks,* (N. H.) 18 Atl. Rep. 1108.

The questions were general, covering the whole period of plaintiff's stay in Ludlow, which appeared to have continued up to some time in 1887, while this suit is brought on the assessment of 1886.

The question of the admissibility of the inventories has already been decided in this case, 60 Vt. 351.

II. The testimony on the subject of plaintiff's church relations was properly admitted. Questions of domicile often require a minute inquiry into particulars of private life. Habits, character, business, social and domestic relations often have to be gone into. *Hallett* v. *Bassett,* 100 Mass. 170 ; *Thayer* v. *Boston,* 124 *id.* 132. The extent to which this practice shall be allowed in any given case must lie largely in the discretion of the trial court. The jury are to allow to the evidence offered such weight as they deem it entitled to, and unless manifestly frivolous and immaterial its admission will not constitute reversible error.

III. The charge was unexceptionable. The plaintiff was not entitled to a ruling that, as a proposition of law, failure on the part of the defendant to show any particular acts of plaintiff, such as voting, holding office, etc., or declarations made by him, evincing an intent to change his residence from New York to Ludlow, would entitle plaintiff to a verdict.

Fulham *v.* Howe.

Plaintiff's actual conduct during the time in question, his staying in Ludlow for a part of each year, the nature of his business there, his church relations, etc., were in evidence, the circumstances of his trips to New York, and the usual length of his stay there were also shown; and all this evidence was submitted to the jury under proper instructions as to their verdict. The questions were all of fact, no proposition of law was involved, and the plaintiff was not entitled to more favorable rulings.

We do not find it necessary to go particularly into the exceptions to the charge.

*Judgment affirmed.*