HANNON *v.* HANNON *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

OSCAR O'NEIL LEE, of Newport, for appellant.

CRAWFORD & HURD, of Newport, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In the Chancery Court of Cocke County, complainant, Ardell D. Hannon, filed the original bill against the defendants. Defendant Ella Hannon is the mother of the complainant and the other defendants are brothers and sisters. On November 26, 1929, in the County Court of Cocke County, the complainant was declared *non compos mentis,* no guardian was appointed for his estate, but he was committed by order of the Court to the Eastern State Hospital for the Insane at Knoxville. Prior to 1929, the complainant and the defendants had lived together on a farm in Cocke County, where the complainant was operating a poultry business. On the allegation that

the defendants had wrongfully disposed of equipment and property of the complainant used in that business, the bill sought an accounting and a decree for the value of that property. The bill also sought an injunction to prevent the defendants from disposing of the farm. The bill alleged that 28 days before the filing of the bill, on January 11, 1946, by a proceeding in the County Court of Knox County, there had been a decree removing complainant's disability and restoring his sanity.

To the bill the defendants filed a demurrer coupled with an answer and upon a hearing on the demurrer, it was sustained by the Chancellor, who dissolved the injunction which had been temporarily granted, and dismissed the bill.

From this action of the Chancellor the complainant has appealed.

In the original bill the complainant alleged that he was a resident and citizen of Cocke County, and that he filed the bill as such, but when the demurrer was filed assailing the jurisdiction of the Knox County Court to restore his sanity and remove his disability, complainant filed an amended bill by which he alleged that he was a resident and citizen of Knox County. The defendants stood on their original demurrer and it was that pleading which was sustained by the Chancellor.

There are two assignments of error: (1) That the filing of the answer was a waiver of the jurisdictional question; (2) That the Chancellor erred in holding that the proceeding in the County Court of Knox County by which complainant's sanity was restored was void and insistence that said proceeding was valid.

We consider the assignments of error in reverse order. Though it was immaterial that the complainant first alleged that he was a resident and citizen of Cocke

County, the law is clear that an adjudged *non compos mentis* cannot voluntarily change his domicile or legal residence, because in legal contemplation the quality of mind necessary to the perfection of a legal intention, is an essential factor in acquiring domicile or legal residence. 17 Am. Jur., Domicile, secs. 70-72, pp. 632, 633; 28 C. J. S., Domicile, sec. 12e, where numerous cases are cited to support the statement that:

"However, an adult person who has become a mental imbecile, or who has been judicially declared insane, is incapable of a voluntary change of domicile, and therefore retains the domicile which he had when he became insane."

In the second place the County Court of Knox County had no jurisdiction nor authority, under the undisputed facts presented by the bill in this case, to set aside or modify the former decree of the Cocke County Court. *Bradford* v. *Ragsdale,* 174 Tenn. 450, 455, 456, 126 S. W. (2d) 327, 121 A. L. R. 1506. When adjudged to be *non compos mentis* a person becomes the special ward of the court making the adjudication, and his person and property remain within the jurisdiction of the Court of commitment so long as the commitment continues and conditions remain unchanged. The application for restoration is not, therefore, a new proceeding, but is a continuation of the original proceeding. *Walker* v. *Graves,* 174 Tenn. 336, 341, 125 S. W. (2d) 154; *Bradford* v. *Ragsdale, supra;* 121 A. L. R. 1506, where there is an elaborate annotation of the *Ragsdale Case* and the citation of numerous cases from other jurisdictions supporting that decision.

For the reasons stated and under the authorities cited, we hold that the proceeding in the Knox County Court was void, and the second assignment of error is overruled.

█ Considering then the first assignment of error, complainant filed the suit in his own name and not by guardian or next friend. Since at the time of the filing of the bill he was still under a disability, the bill was demurrable on that account. *Gibon's Suits in Chy.*, sec. 81, 1937 Ed. Complainant insists, however, that by filing an answer the defendants waived their right to question the jurisdiction, and in support of this contention he cites and quotes Code sec. 10399, which is as follows:

''The filing of an answer is a waiver of objection to the jurisdiction of the court over the person.''

Complainant's construction of the section is too narrow and ignores the details of the pleadings in the present case. The defendants filed a demurrer to the jurisdiction specifying their grounds, and then ''*not waiving their said demurrer but relying thereon*,'' filed an answer.

. █ All subjects of demurrer may be raised in the answer, Code, sec. 10397; *Harding* v. *Egin*, 2 Tenn. Ch. 39, except jurisdiction of the subject matter or the person, sec. 10399, but obviously a demurrer to the jurisdiction, specifying the flaws in the jurisdiction, may be coupled with an answer, if the rights under the demurrer are not waived and expressly reserved. Such was the pleading and subsequent argument before the Chancellor in the present case. Code secs. 10397 and 10399 are merely the statutes from which Gibson draws the following rule:

''A defendant is not bound to file a separate demurrer, except for want of jurisdiction of the subject matter of the suit, or of the person of the demurrant. With these exceptions, he may rely on any ground of demurrer by setting it up in his answer.'' *Gibson's Suits in Chy.*, 1937 Ed., sec. 311.

The flaw in the jurisdiction here is not in the person of the demurrant but in that of the complainant. As an adjudged *non compos mentis,* he had no right to file the suit in his own name. (*Gibson,* sec. 81, *supra*) and the jurisdiction was properly resisted by demurrer specifying the grounds therefor. Code, sec 10387.

All assignments of error are overruled and the decree is affirmed.

All concur.