WILLIAM HOBART ENSLEY

*v.*

ADA BELL ENSLEY.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1958.

EARL LEMING, Knoxville, for appellant.

JOE M. AGEE, JEROME TEMPLETON, Knoxville, for appellee.

Mr. Justice Prewitt, delivered the opinion of the Court.

This is a divorce suit and it is set out in the bill that the parties were residents of Campbell County, and that the defendant was adjudged insane and was committed to the Eastern State Hospital at Knoxville.

The complainant below, the husband, filed his bill for divorce against his wife in Knox County, and service of process was had in Knox County, where the Eastern State Hospital is situated.

It appears that after the separation the complainant moved to Anderson County, Tennessee, and this is his present residence.

The defendant appeared by her guardian and filed a plea in abatement to the jurisdiction of the Court on the ground that the defendant having been adjudged insane in Campbell County, her place of residence, that she was still a resident of Campbell County, and that the bill should have been filed there.

The Chancellor agreed with this contention, sustained the plea in abatement and dismissed the bill. This appeal resulted.

The Sections of Tennessee Code Annotated governing the venue in divorce cases in Tennessee appear to be as follows:

"20-401. Transitory actions—In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided. If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence."

"36-804. Venue of action.—The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident, but, if a nonresident or convict, then in the county where the applicant resides."

A mentally incompetent person is incapable of changing or acquiring a domicile while in such state of incompetency. *Hannon v. Hannon*, 185 Tenn. 307, 206 S.W.2d 305.

It might be stated that the grounds for divorce claimed by the complainant below were that the defendant was guilty of cruel and inhuman treatment toward him before she was adjudged insane. She having been adjudged insane by the court in Campbell County, she was mentally incapable of changing her residence or domicile to Knox County.

This being the case the Chancellor was correct in sustaining the plea in abatement. Affirmed.