IN THE MATTER OF VELMA SADIE CHAFFEE, Incompetent.

362 S.W.2d 467.

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

Frank L. Flynn, Jr., Knoxville, for petitioner.

Mr. Special Justice Tomlinson delivered the opinion of the Court.

Mrs. Chaffee appeals to this Court from the action of the County Judge of Knox County in denying her petition on the ground that his Court was without jurisdiction.

Inasmuch as the subject matter is one in which the County Court had exclusive jurisdiction, the appeal to this Court rather than the Circuit Court was correct in that the only party before the Court was Mrs. Chaffee. She and the Judge agreed that the appeal might be to this Court. Section 27-402, T.C.A. Only a question of law is involved.

The purpose of Mrs. Chaffee's petition was to procure a decree in the Tennessee Court finding her to have been restored to sanity. She had previously been adjudged non compos by a Florida County Court.

Inasmuch as the allegations of the petition are not denied, those allegations will be considered the facts in disposing of this appeal.

On October 4, 1960, by order of the County Court of St. Johns County, Florida, Mrs. Chaffee was adjudged mentally incompetent and committed to the Northeast Florida State Hospital for treatment. She was a citizen and resident of Florida at that time.

On March 31, 1961, she was released from this hospital and given a discharge certificate signed by the Clinical Director and Superintendent. This certificate recites that she is discharged by virtue of "having been absent one year on furlough." It also recites that it, the certificate, does not constitute a judicial determination of the sanity of said discharged patient.

After her discharge from the Florida hospital, she moved to Knox County, Tennessee, where she has resided since, for more than one year before filing this petition.

Based on the above facts, she alleges that she is a citizen and resident of Knox County, Tennessee, and that since her discharge from the Florida hospital she has been, and is, of sound mind. She wants the Tennessee Knox County Court to so adjudge.

With her petition, which was filed on August 13, 1962, there is filed a certificate of two Knox County doctors to the effect that she is, in the opinion of each of these, of sound mind.

The County Judge, in deciding that his Court did not have jurisdiction, said that he based his decision on *Bradford v. Ragsdale,* 174 Tenn. 450, 126 S.W.2d 327, 121 A.L.R. 1506. It was stated in that case that the person adjudged a non compos mentis is the ward of the Court making the adjudication and the person and property of such ward remained within the sole jurisdiction of that Court, so long as the commitment continues and conditions remain unchanged. He thought, therefore, that the Florida Court had exclusive jurisdiction.

Mrs. Chaffee is correct in her insistence that this statement of the Court is dictum. This is because the sole question in that case on appeal was whether the appeal from the County Court should have been to the Circuit Court or to the Court of Appeals. But this is immaterial, because a later case exactly so held.

Section 33-314, T.C.A. is as follows:

"Adjudication of mental illness—Effect.—An adjudication of mental illness shall be prima facie evidence

and not conclusive evidence of mental illness where the disability has not been removed by appropriate restoration proceedings, but the person originally under such disability has been released or discharged from an institution where persons are treated for mental illness, provided that such person was committed to such an institution.''

In *Hannon v. Hannon et al.,* 185 Tenn. 307, 206 S.W.2d 305, it was held that if:

''* * * the law is clear that an adjudged non compos mentis cannot voluntarily change his domicile or legal residence, because in legal contemplation the quality of mind necessary to the perfection of a legal intention, is an essential factor in acquiring domicile or legal residence. * * *

'' 'However, an adult person who has become a mental imbecile, or who has been judicially declared insane, is incapable of a voluntary change of domicile, and therefore, retains the domicile which he had when he became insane.' ''

The adjudication of mental incompetency was in Cocke County. The decree seeking removal of disability was in another Tennessee county in the Hannon case. Since Mrs. Chaffee must be presumed prima facie to have been non compos mentis at the time she came to Knox County, Tennessee, it must follow that her removal to Tennessee did not, ipso facto, have the effect of changing her residence from Florida to Tennessee. Prima facie, she lacked ''the quality of mind necessary to the perfection of a legal intention to change'' her domicile. *Hannon v. Hannon,* supra.

Where a person adjudged to be non compos mentis in one state, and has not had the disability removed by decree of the adjudging Court in that state, then such person may, on demand of the executive authority of that state, be returned to the demanding state, from the state to which he or she has gone, in this instance, Florida. Section 33-1004, T.C.A.

It is provided, however, by Section 33-1010 that proceedings for the return of said person to the demanding state shall be commenced within one year after the adjudged non compos left that state.

██ The question arises as to what the Tennessee legislature intended to accomplish by limiting the right of the demanding state to one year after the flight of the non compos to demand his or her return. During that year, the County Court of the demanding state wherein he or she was adjudged non compos has exclusive jurisdiction of the person and property of deceased. That County Court is the only one who can, during that time, enter a decree restoring the adjudged non compos to sanity. Only it, during that year, may legally entertain an application for a decree formally restoring the previously adjudged non compos to sanity. This is true because the application for restoration is only a continuation of the original proceedings. *Hannon v. Hannon,* supra.

██ After the one year limitation for demanding the return of the "fugitive" has expired, there still remains the necessity of a formal order restoring the adjudged non compos to sanity. Otherwise, there remains over this person the prima facie presumption that she is non compos.

■ Since the legislature necessarily had the accomplishment of some purpose in mind in enacting section 33-1010, T.C.A., limiting the time within which the foreign adjudging Court might demand the return of the fugitive, it is reasonable to conclude that the purpose of the legislature in enacting the one year statute of limitations was to enable the non compos to apply to the County Court of the county in Tennessee in which she had resided for 60 days while residing in Tennessee for a year for a finding of sanity, and a decree removing the prima facie presumption of insanity resting upon her by reason of the decree of the foreign court. There does not occur to the Court any reason other than just stated for the enactment of the said one year statute of limitations imposed upon the demanding state by section 33-1010, T.C.A. It is obvious that the legislature intended section 33-1010, T.C.A. to be an enactment for the benefit of the adjudged non compos. But if such person is still required to return to the Court of the State where she was adjudged non compos to have the disability removed, then section 33-1010, T.C.A. is of no practical benefit to such person.

■ This Court, therefore, is of the opinion that by virtue of section 33-1010, T.C.A. and the facts stated in her petition, Mrs. Chaffee had the legal right to have a decree of restoration to sanity entered in the County Court of Knox County, provided that Court found her to be sane.

The judgment of that Court dismissing Mrs. Chaffee's petition is set aside. The cause will be remanded to the Knox County Court for further proceedings in accordance herewith. All costs will be adjudged against Mrs. Chaffee.