# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 15, 2013 Session

## IN RE PROPOSED CONSERVATORSHIP OF MARY F. STRATTON

### Appeal from the Probate Court for Roane County
### No. 2011-PR-38    Jeffery H. Wicks, Judge

### No. E2012-01655-COA-R3-CV-FILED-JULY 31, 2013

Mary Fern Smith ("Petitioner") filed a petition in the trial court seeking the appointment of a conservator for her 90-year-old mother, Mary F. Stratton ("Mother"). Mother filed a motion to dismiss citing the provisions of Tenn. R. Civ. P. 12.02(6).[1] The trial court held that it did not have jurisdiction of the petition because Mother was not a resident of Roane County. *See* Tenn. Code Ann. § 34-3-101 (2007).[2] It dismissed the petition. Petitioner appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Mark N. Foster, Rockwood, Tennessee, for the appellant, Mary Fern Smith.

Harold D. Balcom, Jr., Kingston, Tennessee, for the appellee, Mary F. Stratton.

---

[1]Petitioner argues that Mother's motion improperly cites subsection (6) of Tenn. R. Civ. P. 12.02 rather than subsections (1) or (2). We agree that subsection (1), *i.e.*, "lack of jurisdiction over the subject matter" is the more appropriate section. However, as Petitioner acknowledges, the Supreme Court has "recognized that motions should be construed based on their substance rather than their title." ***Gordon v. Greenview Hosp., Inc***., 300 S.W.3d 635, 643 (Tenn. 2009). We proceed as if the petition had been filed expressly pursuant to Tenn. R. Civ. P. 12.02(1).

[2]Petitioner, as an alternative ground, asserted that the court had jurisdiction to appoint a conservator under the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act ("the UAGPPJA"). *See* Tenn. Code Ann. § 34-8-101 *et seq*. (Supp. 2012). The trial court also dismissed the petition based upon this claim. Petitioner does not raise this action by the trial court as an issue on this appeal.

# OPINION

## I.

The trial court's subject matter jurisdiction in this case is prescribed by Tenn. Code Ann. § 34-3-101. That statute provides, in its entirety, as follows:

> (a) Actions for the appointment of a conservator may be brought in a court exercising probate jurisdiction or any other court of record of any county in which there is venue.

> (b) An action for the appointment of a conservator shall be brought *in the county of residence of the alleged disabled person*.

(Emphasis added.) We have observed that

> (b)ecause of Tenn. Code Ann. § 34-3-101(b), venue is jurisdictional in conservatorship proceedings. Accordingly, probate and other local trial courts should not exercise jurisdiction over the person or property of disabled persons who are not residents of their geographic area.

*In re Conservatorship of Ackerman*, 280 S.W.3d 206, 210 (Tenn. Ct. App. 2008). *See also In re Conservatorship of Clayton*, 914 S.W.2d 84, 89 (Tenn. Ct. App. 1995). As can be seen, the trial court's subject matter jurisdiction in this case is framed in terms of the alleged disabled person's "residence." As we have observed, "[a]t any given time, a person may have more than one residence but may have only *one domicile or legal residence*. A person cannot acquire a new domicile or legal residence without first abandoning another." *Ackerman*, 280 S.W.3d at 210 (citation omitted; emphasis added). Further, "[a] person who is mentally incompetent cannot voluntarily change domicile or legal residence because he or she does not have the requisite intent either to abandon the old domicile or to acquire a new one." *Id*. at 211 (citing *In re Chaffee*, 211 Tenn. 88, 362 S.W.2d 467, 469 (1962); *Hannon v. Hannon*, 185 Tenn. 307, 206 S.W.2d 305, 306 (1948)).

## II.

Mother's motion to dismiss is evaluated by us under well-established and frequently-quoted principles:

A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.

In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

\* \* \*

. . . courts are not required to accept as true assertions that are merely legal arguments or "legal conclusions" couched as facts.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426-27 (Tenn. 2011) (some quotation marks in original omitted; citations in original omitted).

III.

On appeal, Petitioner raises the following issues, taken verbatim from her brief:

1. Did the trial court err in treating the motion to dismiss as a factual, rather than facial, challenge to the[petition]'s jurisdictional allegations?

2. Did the trial court err by considering non-evidentiary material in relation to the motion to dismiss?

3. Did the trial court err by not providing the parties with notice that it intended to treat the parties' materials as evidence, not providing [p]etitioner with an opportunity to engage in discovery, and in not conducting an evidentiary hearing?

4. Did the trial court err by not resolving all factual disputes in favor of [p]etitioner?

5. Did the trial court err by not granting [p]etitioner's motion to compel?

IV.

Certain core facts are not in dispute. Mother had lived in California for many years. In December 2007, Petitioner traveled from Roane County to California to assist Mother. While there, Petitioner accompanied Mother to an appointment with Dr. Jasmine Chowdhury. Following that appointment, Dr. Chowdhury penned a letter to "Whom It May Concern" regarding Mother. That letter is dated January 28, 2008 ("the Dr. Chowdhury letter").

Later in the same month, Mother accompanied Petitioner on the latter's return to Roane County. She lived with Petitioner there until March 2009, when she returned to California and the home of her California daughter, Jean Busby. Mother remained there and was still living there, when, two years and some eight months later, the petition before us was filed.

V.

Against the background of the foregoing undisputed facts, we now turn to the petition filed November 30, 2011[3] to determine whether the well-pleaded facts and those undisputed facts establish a cause of action for the appointment of a conservator by the trial court. As relevant to the issues before us, the petition alleges the following:

> [Mother's] residence and mailing address, in the sense of the place where [Mother] is currently physically located and can currently be sent mail ([Mother's] domicile and intended permanent place of residence has since 2008 been, and continues to be, Roane County, Tennessee, and [Mother] has never made any competent decision to change her domicile from Roane County, Tennessee), is 6214 Azalea Dr., Lancaster, CA 93536.
>
> Petitioner is sixty-two (62) years of age and is a resident of Roane County, Tennessee, with a residence address of 2925

---

[3]We note that the petition was filed some 36 days after Mother had sued Petitioner in the Roane County Chancery Court seeking the return of certain personal property and a judgment for up to $75,000 for monies allegedly taken by Petitioner from Mother's bank account while the latter was in Tennessee. Curiously, Petitioner attached a copy of the chancery complaint to her petition.

River Rd., Ten Mile, Tennessee, a mailing address of c/o Mark N. Foster, P. O. Box 192, Rockwood, TN 37854. Petitioner is [Mother's] daughter, and was also selected by [Mother] in 2008 (at a time when, upon information and belief, [Mother] was competent to select an agent) as [Mother's] agent. A copy of the power of attorney executed by [Mother] in 2008 is attached hereto as Exhibit A. Upon information and belief, Petitioner is the only person [Mother] ever authorized to act pursuant to a general durable power of attorney.

[Mother] has no living spouse, and no living parents. There are no other relatives other than Petitioner to whom notice is required to be issued in accordance with T.C.A. § 34-1-106 other than [Mother's] two other living adult children: (1) [Jean] Busby (who is also the person with whom [Mother] is living), whose mailing address is 6214 Azalea Dr., Lancaster, CA 93536 and (2) Joan Harris, whose mailing address is 146503 Junos Rd., Gilchrist, OR 97737.

[Mother] suffers from dementia and is unable to manage her financial, medical and personal affairs. Attached hereto as Exhibit B is a letter dated January 28, 2008 from Jasmine S. Chowdhury, MD, who was (and, upon information and belief, is) [Mother's] physician, stating that [Mother] "has been given a diagnosis of Alzheimer's dementia and is in the moderate stage of this disease" and that "she is likely no longer able to manage her own medical or financial affairs and is not able to make sound decisions for herself."

Upon information and belief, [Mother] has undergone a mental examination by a physician or psychologist within the last ninety days, which has resulted in a finding that [Mother] is not mentally capable of managing her affairs. However, Petitioner has not received this record and Petitioner shall supplement this Petition by filing the record of this examination, when received.

In the alternative, [Mother] has refused to be examined, has been prevented from being examined by [Jean] Busby (the person in whose home [Mother] has been kept since March, 2009) and/or cannot get out to be examined, and the Court

should order [Mother] to undergo a mental examination pursuant to T.C.A. § 34-3-105.

[Mother's] domicile and intended permanent place of residence has since January, 2008 been, and continues to be, Roane County, Tennessee, and [Mother] has never made any competent decision to change her domicile from Roane County, Tennessee. Accordingly, Roane County, Tennessee is [Mother's] county of residence and the appropriate venue for this action under T.C.A. § 34-3-101(b).

(Paragraph numbering in original omitted.)

VI.

The real legal question that subsumes the issues raised by Petitioner is simply this: Do the factual allegations of the petition, in the words of *Webb*, "establish a cause of action"? *Webb*, 346 S.W.3d at 426. If the well-pleaded facts – considered in light of the undisputed facts – establish Mother is a legal resident – a domiciliary – of Roane County, then the cause of action is "establish[ed]" and the motion to dismiss should be denied. If, on the other hand, those facts establish that she is a domiciliary of California, the motion is well-taken and the trial court was correct in dismissing the petition.

As *Webb* points out, we do not accept as "true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Id*. at 427. Hence, in this "motion to dismiss" analysis, we do not consider as a true "fact" the following legal conclusion in the petition:

> . . . [Mother's] domicile and intended permanent place of residence has since 2008 been, and continues to be, Roane County, Tennessee, and [Mother] has never made any competent decision to change her domicile from Roane County, Tennessee, . . . .

The same goes for the identical allegation found later in the petition:

> [Mother's] domicile and intended permanent place of residence has since January, 2008 been, and continues to be, Roane County, Tennessee, and [Mother] has never made any competent

-6-

decision to change her domicile from Roane County, Tennessee.

Stripped of these legal conclusions, we are left with nothing even remotely indicating that this longtime resident of California changed her domicile from that state to Roane County in January 2008 when she took up residence with Petitioner in Roane County for some 14 to 15 months. One of the allegations in the petition *expressly* refers to the finding in the Dr. Chowdhury letter, *i.e.*, as of January 28, 2008, Mother "has been given a diagnosis of Alzheimer's dementia and is in the moderate stage of this disease [and] she is likely no longer able to manage her own medical or financial affairs and *is not able to make sound decisions for herself*." (Emphasis added.) It is important to note that the statement by Dr. Chowdhury was made following her examination of Mother, apparently earlier in the month of January. *It was after that Mother left with Petitioner to go to Roane County*.[4] Petitioner stipulated in the trial court that she and Mother left California *after* January 28, 2008. So, the petition tells us that when Mother left California to go to Roane County she had "Alzheimer's dementia" and was "not able to make sound decisions for herself." This is totally inconsistent with the petition's legal conclusion that she left California with the intent of changing her domicile from California to Roane County, Tennessee. The facts we are left with – in the petition as illuminated by the undisputed core facts – show that, as of the date of the filing of the petition, Mother was a domiciliary of California and not Roane County. When she left California in early 2008 and took up residence with Petitioner, she "d[id] not have the requisite intent either to abandon the old domicile or to acquire a new one." *Ackerman*, 280 S.W.3d at 211. The trial court was correct in dismissing the petition because it lacked subject matter jurisdiction over an individual domiciled in California.[5]

VII.

Petitioner argues that the trial court erred in looking at the various exhibits attached to the pleadings of both sides. She asserts that the trial court's judgment should be vacated because it effectively decided factual issues, weighing in the process the parties' respective filings, without affording her time for full discovery or an opportunity to present oral

---

[4]We also note, in passing, that the power of attorney to Petitioner, which is exhibited to the petition, was signed by Mother on January 10, 2008, in the same month in which Dr. Chowdhury made her diagnosis.

[5]In a number of places in the record, a reference is made to a dismissal "for lack of personal jurisdiction" over Mother. This is not technically correct. The reason for the dismissal was because the trial court's subject matter jurisdiction for probate matters is, by definition, dependent upon the domicile of the alleged disabled person. This is not to be confused, however, with the classic "lack of *in personam* jurisdiction." Mother, by her answer to the petition, made a general appearance and was obviously before the trial court.

testimony. She says that this was improper since the motion to dismiss raised the sole issue of whether the facts in the petition were sufficient to make out a cause of action.

Petitioner is partially correct.[6] To the extent the trial court conducted a factual inquiry at a "motion to dismiss" hearing, this was error. The office of a motion to dismiss is simply to test the *legal sufficiency* of the allegations of the *petition*. The trial court, in conducting what amounts to an evidentiary hearing, erred in its approach to the issue before it. The ultimate decision of the trial court, however, is correct. As we have pointed out, the factual allegations of the petition, bolstered by the undisputed facts, fail to establish a cause of action that the trial court could resolve. Hence, we affirm the trial court's decision but we do so based upon our own legal conclusion as to the legal insufficiency of the allegations of the petition. An appellate court can affirm the judgment of the trial court even though the appellate tribunal's rationale for doing so is different from that of the trial court. ***In re Estate of Trigg***, 368 S.W.3d 483, 502 n.63 (Tenn. 2012).

VIII.

The Petitioner argues that the trial court erred when it denied her motion to compel further[7] discovery of Mother's medical records. While the trial court did commit error when it conducted an evidentiary hearing, the trial court's conduct has no impact on our own decision, which is based solely on the legal insufficiency of the petition. The trial court's action or inaction on a motion to compel discovery is totally immaterial. The resolution of the merits of the motion to compel has nothing to do with the legal sufficiency of the petition. Since we have determined that the petition fails to state a cause of action because it shows on its face that the trial court lacks subject matter jurisdiction, the issue raised by the motion to compel is moot.

---

[6]The trial court noted the following:

> The Court's view was that it could either consider all of the exhibits (both Petition['s] Exhibit B [the Dr. Chowdhury letter] and the exhibits to [Mother's] Motion to Dismiss) or none of those documents. Therefore, the Court, in making the findings contained [in] it[s] July 25, 2012 Order and in otherwise ruling on [Mother's] Motion to Dismiss, chose to and did consider *as evidence* the exhibits attached to [Mother's] Motion to Dismiss and the exhibits attached to [P]etitioner's Response thereto.

(Emphasis added.)

[7]Apparently, prior to the final hearing, a substantial number of pages of medical records were furnished by Mother to Petitioner.

IX.

The judgment of the trial court is affirmed. Costs on appeal are taxed against Mary Fern Smith. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed at the trial court level.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE