IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 7, 2020 Session

**IN RE CONSERVATORSHIP OF MARY ANN TAPP**

**Appeal from the Chancery Court for Fayette County**
**No. 16848     William C. Cole, Chancellor**

———————————————————

**No. W2020-00216-COA-R3-CV**

———————————————————

This appeal stems from a petition to remove a co-conservator for a person with a disability. Several years ago, the ward's brother and her personal attorney were appointed as co-conservators of the ward's person and estate. Subsequently, the ward's remaining siblings filed this action to remove the brother as a co-conservator, alleging that the brother had failed to act in the best interest of the ward. After a hearing on the petition, the trial court dismissed the petition to remove the brother as a co-conservator and awarded the co-conservators attorney's fees. Some of the siblings appealed the trial court's award of attorney's fees. We reverse the trial court's award of attorney's fees and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Olen M. Bailey, Jr. and Jared W. Eastlack, Memphis, Tennessee, for the appellants, Judy Bishop, David Simmons, Charles R. Simmons, and Linda S. Taylor.

William H. Shackelford, Jr., Jackson, Tennessee, for the appellees, John E. Simmons and Thomas M. Minor.

**OPINION**

**I.     FACTS & PROCEDURAL HISTORY**

On November 18, 2015, a petition to appoint co-conservators of the person and

estate of Mary Ann Tapp ("the Ward") was filed in the Chancery Court for Fayette County.[1] In the petition, John E. Simmons ("John")[2] and Thomas M. Minor are listed as petitioners. John was a brother of the Ward, and Mr. Minor was the long-time personal attorney of the Ward. Also listed as petitioners were the Ward's seven remaining siblings: Judy Bishop, Sarah S. Manscoe, David Simmons ("David"), Charles R. Simmons ("Charles"), Jerry Simmons, Bettye Brooks, and Linda S. Taylor (collectively "the Siblings"). The petition indicated that the Siblings were separately represented by attorney William S. Rhea. The Ward was widowed and had no children. The petition stated that the Ward was a resident of Fayette County, Tennessee, and that she maintained a separate residence in Haywood County, Tennessee.

At the time the petition to appoint co-conservators was filed, the Ward was 73 years old. In the petition, the parties alleged that the Ward was disabled and had been diagnosed with dementia. Because of her disability, the parties asserted that she needed assistance with her daily activities, with her business affairs, and with preserving her estate. To help care for the Ward, they petitioned the trial court to appoint John and Mr. Minor as the co-conservators of the Ward's person and estate. They also requested that the appointment of a guardian ad litem be waived. The parties asserted that, because Mr. Minor was the Ward's personal attorney for over 25 years, the waiver of a guardian ad litem was in the best interest of the Ward. The petition was supported by a physician's report and an affidavit of Dr. Jack Pettigrew, the Ward's primary care physician. These materials indicated that Dr. Pettigrew personally examined the Ward within 90 days of the petition being filed and that in his opinion, due to her poor mental condition, the Ward was unable to care for herself.

On November 19, 2015, the day after the petition to appoint co-conservators was filed, the trial court granted the petition. John and Mr. Minor were appointed as co-conservators of the Ward's person and estate. As co-conservators, the trial court vested them with all of the rights listed in Tennessee Code Annotated section 34-3-107(a)(2).

Over two years after John and Mr. Minor were appointed as co-conservators, the Siblings filed a petition to remove John as a co-conservator. In their petition to remove him, they asserted that John failed to perform his duties and failed to act in the best interest of the Ward. Specifically, they alleged several examples of misconduct by John, including isolating the Ward from other family members, disrupting visits between the Siblings and the Ward, failing to provide proper nourishment, and failing to provide suitable care. The Siblings asked the trial court to remove John as a co-conservator and to appoint another sibling, Ms. Bishop, as his successor.

---

[1] The Court heard oral arguments on October 7, 2020. At oral arguments, counsel for the appellants informed the Court that the Ward passed away on October 5, 2020. While this news was saddening, her passing does not affect our analysis in this appeal.

[2] Several of the individuals in this case share the last name Simmons. To avoid confusion, we will refer to these individuals by their first names. We intend no disrespect.

On July 31 and September 11, 2018, the trial court heard the petition to remove John as co-conservator. Six of the Siblings testified on why John should be removed as a co-conservator.[3] The trial court also heard testimony from the Ward's caregivers; Dr. Pettigrew; Mr. Minor; and Ruthann Shelton, the Executive Director of Alzheimer's and Dementia Services of Memphis. Ms. Shelton's testimony focused on an Alzheimer's patient's need for a regular routine with limited visitors and disruptions.

At the conclusion of the hearing on September 11, 2018, the trial court rendered an oral ruling. In its oral ruling, the trial court explained that it was dismissing the petition to remove John as a co-conservator. The court also awarded attorney's fees to John and Mr. Minor as the "prevailing parties."

On January 13, 2020, the trial court entered its final written order, dismissing the petition to remove John as a co-conservator.[4] In the written order, the court found that the Siblings did not present sufficient evidence to justify removing John as a co-conservator. The court noted that Ms. Shelton, who testified that John appeared to be doing a good job as a co-conservator, was a credible witness. Despite its decision to dismiss the petition, the court concluded that it was in the best interest of the Ward to maintain a relationship with the Siblings. As a result, it ordered the parties to continue to follow a bi-weekly visitation schedule between the Siblings and the Ward. As the prevailing parties, the trial court awarded John and Mr. Minor $33,424.34 in attorney's fees under Tennessee Code Annotated sections 34-3-107(a)(2)(P) and -108(f).

Several of the Siblings (Ms. Bishop, David, Charles, and Ms. Taylor) timely appealed.[5]

## II.     ISSUES PRESENTED

The Siblings raise a single issue on appeal, which has been copied verbatim:

Whether the Trial Court had authority to award attorney's fees to counsel for the Co-Conservators.

For the reasons stated herein, we reverse the award of attorney's fees and remand.

## III.     STANDARD OF REVIEW

---

[3] Ms. Brooks was not present to testify due to health concerns.
[4] It is not apparent why the written order was entered sixteen months after the court's oral ruling.
[5] Although not all of the Siblings took part in this appeal, to avoid confusion, we will continue to refer to them collectively as "the Siblings."

In a civil case where the trial judge was the finder of fact, factual findings are reviewed *de novo* and are presumed correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re Angela E.*, 303 S.W.3d 240, 246 (Tenn. 2010). Questions of law are reviewed *do novo* but with no presumption of correctness. *In re Sidney J.*, 313 S.W.3d 772, 774 (Tenn. 2010).

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

As a means of attacking the trial court's decision to award attorney's fees, the Siblings argue that the trial court never had subject matter jurisdiction to hear the petition to appoint co-conservators. They argue that at the time the initial petition was filed, in November 2015, the Ward was a resident of Haywood County, rather than Fayette County. Thus, the Siblings argue that the initial conservatorship petition should have been filed in Haywood County and that the orders entered by the trial court in this conservatorship proceeding are void for lack of subject matter jurisdiction.

"Subject matter jurisdiction refers to a court's authority to adjudicate a particular case or controversy and 'depends on the nature of the cause of action and the relief sought.'" *In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014) (quoting *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012)). "Subject matter jurisdiction relates to a court's authority to adjudicate a particular type of case or controversy brought before it." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Parties cannot waive subject matter jurisdiction, nor can they confer it on a trial or appellate court. *See In re Baby*, 447 S.W.3d at 837; *In re Estate of Trigg*, 368 S.W.3d at 489. Orders and judgments entered by courts without subject matter jurisdiction are void. *In re Estate of Trigg*, 368 S.W.3d at 489.

In conservatorship proceedings, venue is treated as jurisdictional. *In re Conservatorship of Ackerman*, 280 S.W.3d 206, 210 (Tenn. Ct. App. 2008) ("*In re Ackerman*"). Tennessee Code Annotated section 34-3-101(b) states, "[a]n action for the appointment of a conservator *shall* be brought in the county of residence of the alleged person with a disability." (Emphasis added). "Accordingly, . . . trial courts should not exercise jurisdiction over the person or property of [a person with a disability] who are not residents of their geographic area." *In re Ackerman*, 280 S.W.3d at 210 (citing *In re Conservatorship of Clayton*, 914 S.W.2d 84, 89 (Tenn. Ct. App. 1995) ("*In re Clayton*")). Previously, this Court stated that under section 34-3-101(b), the term "county of residence" means the person's legal residence or domicile. *In re Clayton*, 914 S.W.2d at 91. Meaning, whether a trial court has jurisdiction to hear a petition to appoint a conservator depends on the domicile of the person who is the subject of the petition.

- 4 -

The difference between a person's residence and domicile may sometimes be subtle but it is crucial for purposes of determining subject matter jurisdiction. "[A] person may have more than one residence but may have only one domicile or legal residence." *In re Ackerman*, 280 S.W.3d at 210 (citing *Bearman v. Camatsos*, 385 S.W.2d 91, 93 (Tenn. 1964)). "A person cannot acquire a new domicile or legal residence without first abandoning another." *Id.* (citing *McElhaney v. Chipman*, 647 S.W.2d 643, 644 (Tenn. Ct. App. 1982)). "To change domicile or legal residence, a person must: (1) actually change his or her residence to a new place; (2) intend to abandon his or her old domicile; and (3) intend to establish a new domicile at the new residence." *Id.* (citing *Denny v. Sumner Cty.*, 184 S.W. 14, 16 (Tenn. 2016)).

In the present case, the petition to appoint co-conservators was filed in the Chancery Court for Fayette County. The petition, which the Siblings joined as co-petitioners, stated that the Ward "is a resident of Fayette County, Tennessee," but that she "also maintains a residence" in Haywood County. In the order appointing John and Mr. Minor as co-conservators, the trial court found that the Ward was a resident of Fayette County. Yet, the Siblings now claim that the Ward's actual legal residence was in Haywood County because John moved her to Haywood County before the petition was filed.

Other than assertions made by the Siblings, there is no evidence to show that the Ward ever intended to abandon her domicile in Fayette County. In its final order dismissing the Siblings' removal petition, the trial court did not make a finding on the Ward's domicile at the time the original petition was filed. However, the petition to appoint co-conservators clearly states that the Ward was a resident of Fayette County. More importantly, the order that appointed John and Mr. Minor as co-conservators also states that she was a resident of Fayette County.[6] Whether the Ward also maintained a residence in Haywood County at the time the petition was filed is not outcome-determinative. A person may have more than one residence but may only have one domicile. *In re Ackerman*, 280 S.W.3d at 210.

"[A] void judgment is one that is invalid on its face because the issuing court either lacked subject matter or personal jurisdiction over the proceedings, or the judgment itself was outside of the pleadings." *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013) (citing *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996)); *see also Taylor v. Cloud*, No. E2014-02223-COA-R3-CV, 2015 WL 4557328, at *4 (Tenn. Ct. App. July 29, 2015).

Based on "the face" of the order that appointed John and Mr. Minor as co-conservators, there is no indication that the trial court lacked subject matter jurisdiction in the original conservatorship proceeding. The court's finding that the Ward was a resident

---

[6] At trial on the Siblings' petition to remove John as a co-conservator, copies of the petition to appoint co-conservators and the order appointing John and Mr. Minor as co-conservators were entered into evidence as exhibits.

of Fayette County is clear and unequivocal. As a facially valid order, the Siblings have not demonstrated that the underlying order is void for lack of subject matter jurisdiction.

As a result, we find that the trial court had subject matter jurisdiction in this case.

## *B. Due Process*

For the first time on appeal, the Siblings raise several due process concerns regarding the original petition to appoint John and Mr. Minor as co-conservators. The Siblings claim that if the Ward's due process rights were violated during the underlying action, the order appointing John and Mr. Minor as co-conservators was void and that, if the order was void, the court was not permitted to award attorney's fees.

Although the Siblings did not raise this due process argument prior to this appeal, they claim that the argument was not waived. They argue that due process rights cannot be waived. This is a clear and obvious misstatement of established law. Tennessee courts have repeatedly held that due process rights can be waived on appeal if they were not raised before the trial court. *See, e.g.*, *Bailey v. Blount Cty. Bd. of Educ.*, 303 S.W.3d 216, 238 (Tenn. 2010); *Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003); *Lee v. Lee*, 66 S.W.3d 837, 847 (Tenn. Ct. App. 2001).

Additionally, the Siblings fail to list their due process concerns as an issue in their appellate brief. "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 334-35 (Tenn. 2012); *see also Mid-S. Maint. Inc. v. Paychex Inc.*, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *11 (Tenn. Ct. App. Aug. 14, 2015) (stating an issue is waived when the brief does not contain a statement of the issue section but the contention was presented within the argument section of the brief).

For these reasons, we find that the Siblings have waived any argument that relates to a potential violation of the Ward's due process rights.[7]

## *C. Attorney's Fees*

Tennessee courts follow the "American Rule" in awarding attorney's fees. The American Rule states that "a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a

---

[7] Again, the Siblings claim that the Ward's due process rights were violated throughout the underlying action. While we find that their failure to timely raise this argument has resulted in waiver of the issue, we make no finding on whether the Siblings have standing to present a due process argument on behalf of the Ward.

particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). On appeal, this Court will not interfere with a permissible award of attorney's fees unless the trial court abused its discretion in granting the award. *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

In this case, the trial court awarded John and Mr. Minor attorney's fees under Tennessee Code Annotated section 34-3-108(f). After denying the Siblings' petition to remove John as a co-conservator, the court concluded that it was in the best interest of the Ward to maintain a relationship with the Siblings. Accordingly, it ordered the parties to continue to follow a bi-weekly visitation schedule. The court also found that the instructions in section 34-3-108(f) were mandatory and awarded John and Mr. Minor $33,424.34 in attorney's fees as the "prevailing parties" for successfully defending the petition.

Tennessee Code Annotated section 34-3-108(f) states, "[a]ny person listed in § 34-3-103(1)-(4) may petition the court to require the conservator to grant any of the rights provided in § 34-3-107(a)(2)(P). The prevailing party in a petition *under this subsection (f)* shall be entitled to court costs and reasonable attorney fees." Tenn. Code Ann. § 34-3-108(f) (emphasis added). The rights for which a party may petition the court pursuant to this statute include the right to communicate, visit, or interact with the ward. *See id.* § 34-3-107(a)(2)(P). Persons granted the authority to file such a petition include the "closest relative or relatives" of the ward. *Id.* § 34-3-103(4).

It is obvious from the record that the Siblings had many disagreements with John, some of which were related to the communication, visitation, and interaction which he permitted them to have with the Ward. However, from examination of the petition filed by the Siblings, it is clear that the Siblings did *not* file a petition to seek visitation or communication rights with the Ward pursuant to section 34-3-108(f); their filing went beyond that. Their petition alleged concerns that John was failing to perform his duty as a conservator to act in the best interest of the Ward. Further, many of their allegations of misconduct against John did not relate to visiting or communicating with the Ward, and included claims that John did not provide appropriate care for the Ward and failed to keep the Ward's home in a suitable condition. The petition contained requests for several forms of relief, chief among them, John's removal as conservator. However, most notable is what is not contained in their requests for relief. Their petition did *not* include a request for the court to grant them visitation or any of the other rights listed in section 34-3-107(a)(2)(P). It is clear that the trial court heard a great deal of proof regarding visitation disputes. However, those were simply presented as a portion of the purported proof of the claim that John failed to act in the best interest of the Ward. In dismissing the Siblings' petition to

remove John as co-conservator, the trial court itself stated that "[t]his case was tried solely for the purpose of having the Conservator, John Simmons, removed under Tennessee Code Annotated 34-3-108, [s]ubsection [(a)], because he has failed to act in the best interest of the Ward."[8]  Based on our review, we agree that the purpose of the Siblings' petition was to remove John as a co-conservator of the Ward under section 34-3-108(a).

Although the trial court correctly found that the petition was filed under section 34-3-108(a), it went on to award attorney's fees as if the petition had actually been one filed under section 34-3-108(f) seeking the right to "communication, visitation, or interaction" with the Ward.  Tenn. Code Ann § 34-3-107(a)(2)(P).  In doing so, the trial court applied an incorrect legal standard.  Based upon the foregoing discussion, we find that the Siblings' petition to remove John as a co-conservator was not a petition filed pursuant to section 34-3-108(f) to seek or enforce rights listed in section 34-3-107(a)(2)(P).  Having found that the petition was not such, it is axiomatic that John and Mr. Minor were *not* the "prevailing parties" under section 34-3-108(f).  Therefore, we find that the trial court abused its discretion in awarding attorney's fees to John and Mr. Minor under section 34-3-108(f). *See Lee Med., Inc.*, 312 S.W.3d at 524; *Taylor*, 158 S.W.3d at 359 (stating that an appellate court will not disrupt an award of attorney's fees unless the trial court abused its discretion in granting the award).

John and Mr. Minor argue that regardless of the trial court's application of subsection (f), they may still be entitled to attorney's fees under Tennessee Code Annotated section 34-1-114(a).  This appeal is the first time John and Mr. Minor presented this argument.  They never asked the trial court to award them attorney's fees under this section.  When the case was before the trial court, their claim for attorney's fees was only presented under section 34-3-108(f).  Therefore, we find that John and Mr. Minor waived the argument that they may be entitled to attorney's fees under section 34-1-114(a). *See In re Taylor B.W.*, 397 S.W.3d 105, 114 (Tenn. 2013) (stating that "[i]t has long been the rule that [appellate] [c]ourt[s] will not address questions not raised in the trial court").

## V.    CONCLUSION

For the reasons stated herein, we reverse the trial court's decision to require the appellants, Judy Bishop; David Simmons; Charles R. Simmons; and Linda S. Taylor, to

---

[8] Subsection (a), in part:

> A conservator appointed under this chapter may be discharged or have its duties modified if the court determines that . . . the conservator has failed to act in the best interest of the person with a disability so as to warrant modification or termination.  The person with a disability or any interested person on the behalf of the person with a disability may petition the court at any time for a termination or modification order under this section.

Tenn. Code Ann. § 34-3-108(a).

pay the attorney's fees of the appellees, John E. Simmons and Thomas M. Minor. The trial court's order awarding attorney's fees in favor of the appellees shall remain undisturbed as to three siblings that did not take part in this appeal, Sarah S. Manscoe; Jerry Simmons; and Bettye Brooks.[9]

We remand for further proceedings as may be necessary. Costs of this appeal are taxed equally between the parties.

_____
CARMA DENNIS MCGEE, JUDGE

---

[9] *See Creech v. Addington*, 281 S.W.3d 363, 377-78 (Tenn. 2009) (stating that the plaintiffs' decision to forgo a judgment pertaining to the remaining defendants makes the judgment related to those defendants final and non-appealable); *Cordova ex rel. Alfredo C. v. Nashville Ready Mix, Inc.*, No. M2018-02002-COA-R3-CV, 2020 WL 2534322, at *5 n.9 (Tenn. Ct. App. May 19, 2020) (stating an appellate court's analysis is limited to the parties that raise an issue on appeal).